In re COLES, Gilbert A., Coles, Dolores J. d/b/a C & C Superette, Debtors.

COLES, Gilbert A., Coles, Dolores J., Movants,

v.

FRYE CONSTRUCTION, INC., Respondent.

Bankruptcy No. 93–20562 JKF. Motion No. RWS–3.

United States Bankruptcy Court, W.D. Pennsylvania.

May 3, 1994.

Richard W. Schimizzi, Greensbury, PA, for debtors/movants.

Mark S. Galper, Shire Bergstein and Galper, Monessen, PA, for respondent.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

Before the court is Debtors' Motion to Avoid the Judicial Lien held by Respondent, Frye Construction, Inc. The only issue is the fair market value of Debtors' residence, the property to which the lien attached pre-petition.

Debtor presented the testimony of James E. Lignelli, a real estate appraiser who holds an MAI designation. Using the comparable sales approach, Mr. Lignelli testified that in his opinion the value of Debtors' residence as of March 13, 1994, was $18,500.00.

Frye Construction presented the testimony of Merico S. Lignelli [1] who holds an SRA designation. Mr. Lignelli first performed an appraisal on the subject property in February, 1992, at the request of First Federal Savings Bank of Monessen, the mortgagee. Based upon that appraisal, on a comparable sales approach, Mr. Lignelli testified that the fair market value of the subject property as of February 19, 1992, was $35,500.00. He testified that the real estate market in the area of the subject property has been active in the last two years and that real estate values generally have increased in the Mon Valley area.

Debtor Gilbert A. Coles also testified. He indicated that the bankruptcy petition was filed on July 13, 1993. In his opinion, the condition of his residence at 513 Chestnut Street, Monessen, PA, was essentially the same as it was on the date of filing. He indicated there were no significant changes or improvements since the filing and no unusual wear and tear or other significant events that would cause unusual appreciation or depreciation of the property value. He acknowledged that when this motion to avoid liens was filed in September of 1993, the motion stated that the fair market value of the property was $22,000.00.

As both appraisers acknowledged, the third bedroom and second bath were located in the basement. Thus, the attractiveness to a potential buyer would not be as great as

---

1. The appraisers are not related even though their last names are the same.

that of the three bedroom residences used as comparable sales in James Lignelli's appraisal. The appraisers generally agreed that the exterior of the house needs some maintenance and repairs and the court accepts the testimony. The appraisers agreed that although the actual age of this house was 79 years, the economic effective age was much less. The interior of the house had been damaged by fire and essentially rebuilt in 1991. In addition to the new carpet, paint, oak kitchen cabinets, new windows, and other repairs, Debtors added a bathroom and bedroom in the basement.

The major difference in the opinions of the witnesses concerning value was the effect of other blighted homes on the fair market value of the subject property. James Lignelli was of the opinion that the neighborhood was stable. Merico Lignelli testified that the neighborhood was advancing in the real estate sales area. Both appraisers made adjustments to the comparable sales to arrive at their opinions of value of Debtors' residence. In general, James Lignelli testified that the neighborhood characteristics showed evidence of hard economic times. The area is basically single family residential where homes that evidence pride of ownership are interspersed with blighted homes. Merico Lignelli agreed generally with this description of the neighborhood but felt that the effect on the market value of the area containing some blighted residences would not be more than a decrease of 20 percent in the value of the subject property.

The court finds the value of the Debtors' residence located at 513 Chestnut Street, Monessen, PA, to be $20,000.00. The comparable sales used by James Lignelli indicated sales prices of $23,500.00 and $24,000.00 on two of the three comparables. Both of these sales occurred eight months or less from the date of the appraisal. James Lignelli treated the Debtors' residence as though it were a two bedroom, one bath, house whereas the testimony was that the house contained three bedrooms and two baths. Both comparable number 2 and number 3 were significantly larger than the subject property and the appraiser adjusted the sales prices to reflect the difference. Based upon the use of comparable sale number 2, James Lignelli found the subject property to be worth $19,000.00, and using comparable number 3, he found the subject property to be worth $20,100.00. It was based upon comparable number 1, a house next door to that of the Debtors, which sold in May of 1993 for $10,000.00 that James Lignelli found Debtors' property to be worth $18,500.00. However, that sale was a private sale and the specifics, including whether or not it was an arm's length transaction, were not known. Therefore, the court relies more upon the use of comparable numbers 2 and 3.

The comparable sales used by Merico Lignelli were outdated, having taken place between October and December, 1991.

For these reasons, the court finds the fair market value of the property to be $20,000.00. The judicial lien of Frye Construction follows a lien with priority in the amount of $5,611.00 according to Debtors' "Written Agreement In Support of Motion to Avoid Judicial Lien." In addition, Debtors have claimed their exemption in real property in an amount of $14,262.00. All but $127.00 of the $29,000.00 judgment lien of Frye Construction, Inc., must be avoided as impairing the Debtors' exemptions.

An appropriate Order will be entered.

### ORDER

And now, to-wit, this 3rd day of **May, 1994,** for the reasons set forth in the foregoing Memorandum Opinion, it is **ORDERED** that the Motion to Avoid Liens is **GRANTED** and, pursuant to 11 U.S.C. § 522(f)(1) with regard to the property located at 513 Chestnut Street, Monessen, PA 15062, the judicial lien of Frye Construction, Inc., filed of record in the Office of the Prothonotary of Westmoreland County, Pennsylvania, at No. 2084 of 1992 in the amount of $29,000.00 **IS AVOIDED** to the extent of $28,873.00. The judgment lien remains unavoided and valid in the amount of $127.00.